United States District Court
Southern District of Texas
**FILED**

JAN 13 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CRIMINAL NUMBER |
| | ) | |
| JORGE ZAMORA-QUEZADA | ) | |
| MEISY ANGELICA ZAMORA | ) | M-18-855-S1 |
| ESTELLA SANTOS NATERA | ) | |

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

1

You, as jurors, are the judges of the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted as jurors in this case, and we have the right to expect nothing less, and certainly you can expect nothing less from yourselves.

The indictment or formal charge against a Defendant is not evidence of guilt. Indeed, a Defendant is presumed by the law to be innocent. The presumption of innocence means that a Defendant starts the trial with a clean slate. In other words, I instruct

2

you that each Defendant is presumed by you to be innocent throughout your deliberations until such time, if any, you as a jury are satisfied that the government has proven him or her guilty beyond a reasonable doubt.  Unless you are satisfied beyond a reasonable doubt that a Defendant is guilty, the presumption of innocence alone is sufficient to find that Defendant not guilty. The law does not require a Defendant to prove his or her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify.  The Government has the burden of proving him or her  guilty beyond a reasonable doubt, and if it fails to do so you must acquit that Defendant.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.  A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own

affairs.  If you are convinced that the accused has been proved guilty beyond a reasonable doubt, say so by voting guilty.  If you are not convinced, say so by voting not guilty.

If you took notes, your notes should be used only as a memory aid.  You should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence which has been admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and any stipulations of the parties.

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve. Other charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

4

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.  Also, during the course of a trial, I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions being asked.  Do not assume from anything I may have said or done that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the evidence as you feel is justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either that a Defendant is guilty or not guilty. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of a Defendant's guilt beyond a reasonable doubt before he or she can be convicted.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal

6

interest in the outcome of the case?  Did the witness have any
relationship with either the government or the defense?  Did the
witness seem to have a good memory?  Did the witness clearly see or
hear the things about which he or she testified?  Did the witness
have the opportunity and ability to understand the questions
clearly and answer them directly?  Did the witness's testimony
differ from the testimony of other witnesses?  These are a few of
the considerations that will help you determine the accuracy of
what each witness said.

Your job is to consider about the testimony of each witness
you have heard and decide how much you believe of what each witness
had to say.  In making up your mind and reaching a verdict, do not
make any decisions simply because there were more witnesses on one
side than on the other.

The testimony of a witness may be discredited by showing that
the witness testified falsely, or by evidence that at some other
time the witness has said or done something, or failed to say or do
something, which is inconsistent with the testimony the witness
gave at this trial.

Where a Defendant has offered evidence of good general
reputation for truth and veracity, honesty and integrity, or

character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a Defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

You have been told that a witness was convicted in an unrelated charge. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought

to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any Defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all

the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state the witness' opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In any criminal case the Government must prove not only the essential elements of the offense or offenses charged, as hereafter

defined, but must also prove, of course, the identity of a Defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself, including, for example, the manner in which a Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe a Defendant.

If, after examining all of the evidence in the case, you have a reasonable doubt as to the identity of a Defendant as the perpetrator of a particular offense charged, you must find that Defendant not guilty of that offense.

11

## COUNTS TWO THROUGH NINE

Defendant Jorge Zamora-Quezada is charged in Counts Two through Nine of the indictment with violating Title 18, United States Code, Section 1347 and Title 18, United States Code, Section 2.

Title 18, United States Code, Section 1347(a), makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Indictment specifically alleges as follows as to each individual Count Two through Nine:

| Count | Defendant | Submission Date | Health Care Benefit Program | Nature of the Falsity, Including but not Limited to | Patient | Amount Billed |
|---|---|---|---|---|---|---|
| 2 | DR. ZAMORA-QUEZADA | October 23, 2013 | Medicare | False Diagnosis of Rheumatoid Arthritis | C.J. | $200.00 |
| 3 | DR. ZAMORA-QUEZADA | October 29, 2013 | Medicaid | False Diagnosis of Juvenile Rheumatoid Arthritis | E.P. | $140.00 |
| 4 | DR. ZAMORA-QUEZADA | December 16, 2013 | Medicare | False Diagnosis of Rheumatoid Arthritis | M.B. | $120.00 |
| 5 | DR. ZAMORA-QUEZADA | February 12, 2014 | Medicare | False Diagnosis of Rheumatoid Arthritis | M.L. | $1,200.00 |
| 6 | DR. ZAMORA-QUEZADA | February 27, 2014 | Medicare | False Diagnosis of Rheumatoid Arthritis | M.P. | $310.00 |
| 7 | DR. ZAMORA-QUEZADA | August 21, 2014 | TRICARE | False Diagnosis of Rheumatoid Arthritis | G.H. | $1,200 |
| 8 | DR. ZAMORA-QUEZADA | November 8, 2016 | TRICARE | False Diagnosis of Rheumatoid Arthritis | K.W. | $140.00 |
| 9 | DR. ZAMORA-QUEZADA | December 12, 2017 | Medicaid | False Diagnosis of Rheumatoid Arthritis | S.C. | $140.00 |

For you to find Defendant Jorge Zamora-Quezada guilty of this crime of health care fraud in any of Counts Two through Nine, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That Defendant Jorge Zamora-Quezada knowingly and willfully executed or attempted to execute a scheme or artifice to defraud a health care benefit program - Medicare for Counts Two, Four, Five, and Six, Medicaid for Counts Three and Nine, and Tricare for Counts Seven and Eight - to obtain money or property from Medicare, Medicaid, and/or Tricare by means of false or fraudulent pretenses, false or fraudulent representations, and false or fraudulent promises in connection with the delivery of or payment for health care benefits, items, or services;

Second: That Defendant Jorge Zamora-Quezada acted with a specific intent to defraud a health care benefit program;

Third: That the false or fraudulent pretenses, representations, and promises that Defendant Jorge Zamora-Quezada used were material; and

14

Fourth: That the operation of the health care benefit program affected interstate commerce.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service, for which payment may be made under the plan or contract."

15

A Defendant acts with the requisite "intent to defraud" if the Defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the Defendant. The government does not have to prove that the Defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in order to show that the health care benefit program

"affected commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the Federal Deposit Insurance Corporation(FDIC), for example, is sufficient to establish that the activity "affected commerce."

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

With regards to Counts Two through Nine, the Government also charges that Defendant Jorge Zamora-Quezada committed those violations under Title 18, United States Code, Section 2.

Under Title 18, United States Code, Section 2, the guilt of a defendant in a criminal case may be established without proof that the Defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert

17

with, or under the direction of, another person or persons in a joint effort or enterprise.

Title 18, United States Code, Section 2, provides, "[w]hoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal. Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

If another person is acting under the direction of Defendant Jorge Zamora-Quezada or if the Defendant joins another person and performs acts with the intent to commit a crime, then the law holds the Defendant responsible for the acts and conduct of such other persons just as though the Defendant had committed the acts or engaged in such conduct.

Before any Defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish

that the Defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the Defendant was a participant and not merely a knowing spectator.

In other words, you may not find Defendant Jorge Zamora-Quezada guilty under Title 18, United States Code, Section 2, unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the Defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the Defendant guilty under Title 18, United States Code, Section 2, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   That the offense of health care fraud as described above was committed by some person;

*Second*:   That Defendant Jorge Zamora-Quezada associated with the criminal venture;

*Third*:   That Defendant Jorge Zamora-Quezada purposefully participated in the criminal venture; and

*Fourth*:   That Defendant Jorge Zamora-Quezada sought by action to make that venture successful.

19

"To associate with the criminal venture" means that the Defendant shared the criminal intent of the principal. This element cannot be established if the Defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the Defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## COUNT ONE

Count One of the indictment charges Defendants Jorge Zamora-Quezada, Meisy Angelica Zamora, and Estella Santos Natera with conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349 as follows:

> From in or about 2000 and continuing through in or about 2018, the exact dates being unknown to the Grand Jury, in the Southern District of Texas and elsewhere, Jorge Zamora-Quezada, Meisy Angelica Zamora, and Estella Santos Natera knowingly and willfully did combine, conspire, confederate and agree with others, known and unknown to the grand jury, to violate Title 18, United States Code, Section 1347, that is, to execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18 United States Code, Section 24(b), including but not limited to Medicare, Medicaid, Tricare, and Blue Cross Blue Shield and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire with someone else to violate Title 18, United States Code, Section 1347. Title 18, United States Code, Section 1347, is the statute referred to in Counts Two through Nine, the elements of which I have just defined for you also apply to this Count.

A "conspiracy" is an agreement by two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a Defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons, directly or indirectly, reached an agreement to commit health care fraud, as charged in the indictment; and

*Second*: That the Defendant knew the unlawful purpose of the agreement; and

*Third*: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the Defendant had not participated before and even though the Defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

As with aiding and abetting, mere presence at the scene of an event, even with knowledge that a crime is being committed, or the

22

mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Count Eleven

Count Eleven of the indictment charges Defendant Jorge Zamora-Quezada with conspiracy to obstruct justice in violation of Title 18, United States Code, Section 1512(k) as follows:

Beginning in or about 2017 and continuing through in or about 2018, the exact dates being unknown to the Grand Jury,

23

in the Southern District of Texas and elsewhere, Jorge Zamora-Quezada knowingly and willfully did combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section (c)(2), that is to corruptly obstruct, influence, and impede an official proceeding, to wit, a federal Grand Jury investigation, by causing false and fictitious records to be provided to the federal Grand Jury in response to one or more federal Grand Jury subpoenas.

Title 18, United States Code, Section 1512(k), makes it a crime for anyone to conspire with someone else to violate Title 18, United States Code, Section 1512(c)(2).    Section 1512(c)(2) provides that whoever corruptly obstructs, influences, or impedes any official proceeding commits an offense.

In order to prove the crime of obstructing an official proceeding in violation of section 1512(c)(2), the government must establish beyond a reasonable doubt each of the following elements:

*First*: that the Defendant obstructed, influenced, or impeded an official proceeding; and

*Second*: that the Defendant acted corruptly.

The first element the government must prove beyond a reasonable doubt is that defendant obstructed, influenced or impeded an official proceeding.

24

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that a federal grand jury investigation is an official proceeding.

The law does not require that the federal proceeding be pending at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding.

The second element the government must prove beyond a reasonable doubt is that the defendant acted corruptly.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

As I mentioned with regard to Count One, a "conspiracy" is an agreement by two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the Defendant guilty of Count Eleven, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons, directly or indirectly, reached an agreement to obstruct justice, as charged in the indictment;

*Second*: That the Defendant joined the agreement knowing the unlawful purpose of the agreement; and

*Third*: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

Again, as I stated above with regards to Count One, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant had not participated before and even though the Defendant played only a minor part.

26

Although the Indictment mentions Defendants Meisy Zamora and Estella Natera in Count Eleven, I instruct you that you are not to consider them as conspirators with regard to Count Eleven. In other words, to find Defendant Jorge Zamora Quezada guilty of Count Eleven, you would have to rely on the existence of other conspirators, not Defendants Meisy Zamora nor Estella Natera. Nor should any mention of Defendants Meisy Zamora or Estella Natera in Count Eleven be considered by you with regard to the allegations against them in Count One.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not

necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

The offenses charged in this case require proof of specific intent before the Defendant can be convicted. Specific intent, as

the term implies, means more than the general intent to commit the act.  To establish specific intent the Government must prove that the Defendant knowingly did an act which the law forbids, purposely intending to violate the law.  Such intent may be determined from all the facts and circumstances surrounding the case.

A separate crime is charged against one or more of the Defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the Defendants guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant.

I caution you, members of the jury, that you are here to determine whether the accused is guilty or not guilty from the evidence in this case.  The Defendants are not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to whether any other person or persons not on trial as a defendant in this case is guilty or not guilty.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way in arriving at an impartial verdict as to whether the Defendant is guilty or not guilty.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal, who will bring it to the Court's attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.